# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| DAN W. MANGRAM, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 2:16-cv-49 |
| | * | |
| v. | * | |
| | * | |
| RICHARD M. DARDEN, | * | |
| | * | |
| Defendant. | * | |

## ORDER

Presently before the Court is the Magistrate Judge's October 26, 2016, Report and Recommendation, (dkt. no. 6), to which Plaintiff failed to file Objections. Despite Plaintiff's failure to file Objections, the Court **REJECTS** the Magistrate Judge's Report recommending dismissal of Plaintiff's Complaint for failure to follow this Court's Orders and failure to prosecute. Nevertheless, for the reasons stated below, the Court **DISMISSES** Plaintiff's Complaint **without prejudice**.[1] The

---

[1] The Magistrate Judge also recommended that this action be dismissed without prejudice. However, the Magistrate Judge's reasoning for that dismissal—Plaintiff's failure to prosecute and failure to follow the Court's Orders—would result in a "strike" against Plaintiff under the Prison Litigation Reform Act's three strikes provision, 28 U.S.C. § 1915(g). Plaintiff should not receive a strike in this case because he moved to dismiss the case prior to the Court's dismissal on other grounds. Andrews v. Persley, No. 16-11943, 2016 WL 5390340 (11th Cir. Sept. 27, 2016).

Court also **DENIES** Plaintiff's Motion for Reimbursement, (dkt. no. 4).

In his letter requesting the return of his filing fee, Plaintiff states that he "made a mistake by filing this [case] with the Federal Court." (Id.) Though Plaintiff does not specifically request dismissal, it is clear that he no longer intends to pursue this cause of action in this Court. Consequently, the Court construes Plaintiff's pleading as a notice of dismissal and **DISMISSES** this action **WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(a)(1)(A).

However, the Court cannot reimburse Plaintiff's filing fee upon his voluntary dismissal. See Goins v. Decaro, 241 F.3d 260, 261 (2d Cir. 2001) (The Prison Litigation Reform Act makes no provision for return of filing fees upon withdrawal of action; refund claim also encounters barrier of sovereign immunity because funds have become property of United States); Garner v. FBI, No. CIVA 1:06CV1959 MHS, 2006 WL 2917381, at *1 (N.D. Ga. Oct. 10, 2006) (denying refund of filing fee despite plaintiff's admission that she did not file action properly); Morris v. Bush, No. 108-CV-00208-MP-AK, 2008 WL 5231843, at *2 (N.D. Fla. Dec. 9, 2008) ("[W]hen a complaint is dismissed, the filing fee is not refunded to the Plaintiff."). Consequently, the Court **DENIES** Plaintiff's request for the refund of his filing fee.

The Court **DISMISSES** Plaintiff's Complaint **without prejudice** and **DIRECTS** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case.

**SO ORDERED**, this 19 day of December, 2016.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA